JOURNAL ENTRY AND OPINION.
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Defendant Saleh Nawash pleaded guilty to counts of conspiracy to commit aggravated arson, attempted insurance fraud and attempted aggravated arson. In this appeal, he claims the court erred by (1) misinforming him that the conspiracy to commit aggravated arson count was a first degree felony when, in fact, it was a second degree felony, (2) refusing to merge for sentencing purposes the conspiracy to commit aggravated arson count with the attempted aggravated arson count, (3) failing to comply with the requirements for imposing more than the minimum sentence on a first-time offender, and (4) misadvising him as to the length of post-release control. The state concedes error occurred as argued by Nawash. The only point of dispute in this appeal concerns the proper disposition: Nawash argues that the court's misinformation about the maximum sentence rendered his guilty plea to conspiracy to commit aggravated arson involuntary and that the plea should be withdrawn; the state counters that the misinformation did not affect the validity of the plea.
 {¶ 2} The court's failure to correctly advise the accused as to the degree of offense, which failure results in an incorrect recitation of the maximum sentence involved, constitutes a violation of the Crim.R. 11 requirement that a plea be entered knowingly and intelligently. InState v. Calvillo (1991), 76 Ohio App.3d 714, 720-721, the trial court informed Calvillo that the penalty for felonious assault was a maximum of 9 to 25 years, when in fact the maximum penalty was 8 to 15 years. We held the trial court was not in substantial compliance with Crim.R. 11 because Calvillo was not informed of the maximum penalty involved even though Calvillo received a less harsh penalty than he expected.
 {¶ 3} The court told Nawash that conspiracy to commit aggravated arson was a first degree felony punishable by a definite term of incarceration of three to ten years. In fact, with exceptions that do not apply here, a conspiracy to commit a crime constitutes a felony of the next lesser degree than the most serious offense that is object of the conspiracy. See R.C. 2923.01(J)(2). The court should have informed Nawash that he would be pleading guilty to a second degree felony. The sentence for a second degree felony would be a definite term of incarceration of two to eight years. There is no doubt that the court incorrectly stated the maximum penalty, and this was in violation of the Crim.R. 11(C)(2)(a) requirement that the accused be informed of the "maximum penalty involved."
 {¶ 4} Nevertheless, the imposition of sentence is statutory in nature, not constitutional, so we apply the "substantial compliance" test to the plea proceedings. State v. Nero (1990), 56 Ohio St.3d 106, 108. InNero, the supreme court stated, "[a] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made." (Citations omitted.) Nawash makes no argument that he would not have entered his plea had he known that the maximum term of imprisonmment would have been one year less than that which he thought he was pleading to. If Nawash voluntarily, if mistakenly, entered a guilty plea to what he thought was a first degree felony, along with its more severe sentences, he cannot convincingly argue on appeal that he would not have entered the same plea to a lesser degree of conspiracy to commit aggravated arson. Under these circumstances, the court's error in thinking that the offense was a first degree felony in no way prejudiced Nawash. The first assignment of error is overruled.
 {¶ 5} Our review of the remaining assignments of error convinces us that the court erred in the manner argued by Nawash and conceded by the state. We therefore sustain the second, third and fourth assignments of error and remand for resentencing.
Michael J. Corrigan, P.J., and Patricia A. Blackmon, J., concur.
 Ann Dyke, J., Dissents with separate opinion.