JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Charles Caesar appeals his conviction in the Cuyahoga County Common Pleas Court for assault. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} This case arose from allegations that defendant kicked a police officer while resisting arrest for disorderly conduct.
 {¶ 3} On February 8, 2002, defendant was arrested for disorderly conduct pursuant to R.C. 2917.11. On February 14, 2002, defendant entered a plea of no contest to this charge in Cleveland Municipal Court and was sentenced to six days in jail.
 {¶ 4} On March 20, 2002, defendant was charged with one count of assault on a peace officer, in violation of R.C. 2903.13. On October 7, 2002, the trial began.
 {¶ 5} At trial, the State called Officer Brian Bishop of the Cleveland Police Department. Officer Bishop testified that on the evening of February 8, 2002, he and his partner responded to a 911 call placed by the defendant's sister-in-law about a domestic disturbance. Officer Bishop testified that when they arrived on the scene, Grace Caesar, the homeowner and the defendant's mother, stated that she did not want the defendant inside her house. Officer Bishop told the defendant to leave and he did; however, he came back a minute later to get his coat. Officer Bishop testified that as the defendant left the house for the second time, he started swearing at the police officers and continued to do so as he got outside. He testified that the defendant stood in the middle of the street and screamed obscenities at them. Officer Bishop told defendant to quiet down and leave, but defendant refused to do so. Officer Bishop then told defendant that he was going to be arrested for disorderly conduct and defendant ran away. The officers gave chase and eventually subdued the defendant on his mother's front porch. While trying to subdue the defendant, defendant was screaming and squirming and kicked Officer Bishop in the upper thigh.
 {¶ 6} The defense presented two witnesses: Grace Caesar, the mother of the defendant, and defendant himself. Grace Caesar testified that the police were called on the evening of February 8, 2002 because the defendant had gotten into a fight with his girlfriend, was very agitated and angry, and was "raving and stomping and slamming doors." (Tr. 147). She testified that after her son left the house, she saw the officers talking with him through her window but did not hear what they were saying. She testified that she saw the defendant run down the street and several minutes later appear on her porch with Officer Bishop pinning him down. She stated that Officer Bishop handcuffed defendant and then he and his partner started kicking the defendant. She stated that she did not see the defendant kick either of the police officers.
 {¶ 7} Defendant testified that on the evening of February 8, 2002, he was very upset about a fight with his girlfriend. He testified that he was upset when the police officers came to the house. He admitted that he swore at the officers outside his mother's house and that he ran away from them. He testified that when he ran back to his mother's house, he gave up chase and lay face down on the porch so that Officer Bishop could handcuff him. He testified that he cooperated with the police, but that they hit and kicked him in the head as he lay on the porch.
 {¶ 8} On October 8, 2002, the jury found defendant guilty of assault. On November 8, 2002, the defendant was sentenced to 13 months in prison.
 {¶ 9} Defendant appeals the verdict and sentence and raises six assignments of error for our review. We address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 {¶ 10} "I. The defendant's conviction for assault constituted a violation of his right not to be placed in double jeopardy as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the Ohio Constitution."
 {¶ 11} In this assignment of error, defendant claims that under the double jeopardy clause, his prior conviction for disorderly conduct precluded the subsequent prosecution for assault on a peace officer based upon the same course of conduct. Specifically, defendant argues that disorderly conduct is a lesser included offense of assault.
 {¶ 12} Under Blockburger v. United States (1932), 284 U.S. 299,304, the test to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.
 {¶ 13} R.C. 2903.13 sets forth the elements of the crime of an assault upon a peace officer:
 {¶ 14} "(A) No person shall knowingly cause or attempt to cause physical harm to another ***.
 {¶ 15} "***
 {¶ 16} "(C) Whoever violates this section is guilty of assault.
 {¶ 17} "***
 {¶ 18} "(3) If the victim of the offense is a peace officer, a firefighter, or a person performing emergency medical service, while in the performance of their official duties, assault is a felony of the fourth degree."
 {¶ 19} R.C. 2917.11 sets forth the elements of the offense of disorderly conduct:
 {¶ 20} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:
 {¶ 21} "(1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;
 {¶ 22} "(2) Making unreasonable noise or an offensively coarse utterance, gesture, or display or communicating unwarranted and grossly abusive language to any person;
 {¶ 23} "(3) Insulting, taunting, or challenging another, under circumstances in which that conduct is likely to provoke a violent response;
 {¶ 24} "***
 {¶ 25} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."This Court has consistently held that disorderly conduct requires proof of a fact and a culpable mental state, which are not required by assault and vice-versa. See State v.Crayton (Aug. 17, 1989), Cuyahoga App. No. 55856; State v.Anzalone (Feb. 17, 1983), Cuyahoga App. No. 44958. See, also,State v. Bentley (Dec. 6, 2001), Athens App. No. 01CA13; State v.Beard (Dec. 14, 1998), Butler App. No. CA98-02-019. Disorderly conduct requires proof that the defendant recklessly caused inconvenience, annoyance or alarm to another; assault does not. Assault requires proof of a fact which is not required by disorderly conduct; knowingly causing or attempting to cause physical harm to another. Ibid. Accordingly, defendant may be convicted under both statutes. Ibid.
 {¶ 26} Defendant's first assignment of error is overruled.
 {¶ 27} "II. The jury's decision finding the defendant guilty of assault was not supported by sufficient probative evidence.
 {¶ 28} "III. The jury's decision finding the defendant guilty of assault was against the manifest weight of the evidence."
 {¶ 29} In his second and third assignments of error, defendant challenges the adequacy of the evidence presented at trial. Specifically, defendant claims that the State failed to present sufficient evidence to support his conviction and that his conviction is against the manifest weight of the evidence. We disagree and find that an evaluation of the weight of the evidence is dispositive of both issues in this case.
 {¶ 30} The sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 31} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Id. at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986),33 Ohio App.3d 339, 340. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230.
 {¶ 32} Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. State v. Roberts (Sept. 17, 1997) Lorain App. No. 96CA006462 at 4.
 {¶ 33} Here, defendant was convicted of assault on a peace officer. The offense of assault on a peace officer is defined by R.C. 2903.13, which provides that no person shall knowingly cause or attempt to cause physical harm to a peace officer while in the performance of his official duties.
 {¶ 34} At trial, the jury heard Officer Bishop testify that he and his partner received a call from defendant's mother that defendant was causing a disturbance at her house. Officer Bishop testified that defendant was very upset and screaming obscenities. He stated that defendant kicked him in the upper thigh while being placed under arrest for disorderly conduct. The jury also heard Grace Caesar, the defendant's mother, testify that the police were called because defendant was raving and stomping around her house. She testified that she did not see the defendant kick Officer Bishop. She stated that the officers pinned defendant to the floor and kicked him. Defendant testified on his own behalf. He testified that he did not kick either officer, but that he was kicked repeatedly by them during the arrest.
 {¶ 35} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting defendant of assault. We find there to be substantial, competent, credible evidence upon which the jury could base its decision that defendant kicked Officer Bishop while resisting arrest and was guilty of assault beyond a reasonable doubt. The jury was free to believe the State's witnesses over defendant and his witnesses. See State v. Thomas (Aug. 25, 1994), Cuyahoga App. No. 65300. Accordingly, we conclude that defendant's conviction for assault is not against the manifest weight of the evidence. Consequently, we conclude that defendant's assertion that the State did not produce sufficient evidence to support a conviction is also without merit.
 {¶ 36} Defendant's second and third assignment of error are overruled.
 {¶ 37} "IV. The defendant was denied his constitutional right to a fair trial because of prosecutorial misconduct during the trial and at closing argument that unfairly prejudiced the defendant.
 {¶ 38} In his fourth assignment of error, defendant contends that the prosecutor's statements in closing argument were improper, unfairly prejudicial and constituted prosecutorial misconduct. We disagree.
 {¶ 39} Here, the prosecutor, in his closing statement, made the following statements with regard to the defendant's rendition of the events leading to his arrest for the assault of Officer Bishop:
 {¶ 40} "Prosecutor: *** So when defense counsel gets up there and cross-examines this officer, hey, did you talk to the neighbors and on and on and on, that's a smoke screen.
 {¶ 41} "Defense Counsel: Objection.
 {¶ 42} "The Court: Overruled.
 {¶ 43} "Prosecutor: That's an attempt to —
 {¶ 44} "Defense Counsel: Objection.
 {¶ 45} "The Court: Overruled.
 {¶ 46} "Prosecutor: ___ to distract you. Don't be fooled by that. Do not be fooled by smoke screens.
 {¶ 47} "Defense Counsel: Objection.
 {¶ 48} "The Court: Overruled. (Tr. 202).
 {¶ 49} "***
 {¶ 50} "Prosecutor: By the way, it is typical, typical, typical, the fact there is an allegation that the police —
 {¶ 51} "Defense Counsel: Objection.
 {¶ 52} "The Court: Overruled.
 {¶ 53} "Defense Counsel: ___ did some sort of misconduct. That's typical. Keep in mind, ladies and gentlemen, there isn't one shred of evidence to corroborate or substantiate that. (Tr. 212)."
 {¶ 54} The prosecutor also made several comments, which were not objected to by defense counsel, with regard to defendant's testimony about his state of mind on the evening of his arrest:
 {¶ 55} "Prosecutor: When he had the defendant who, by his own testimony, was mad, crazed out of his mind *** crazed out of his mind, angry, upset? (Tr. 200-201).
 {¶ 56} "Prosecutor: Not only do they have to get him out of there because he's crazed, in his own words, crazed out of his head, angry at his girlfriend ***. (Tr. 205).
 {¶ 57} "Prosecutor: That's a perfectly acceptable police technique that was used on this defendant who, by his own admission, was crazed out of his mind that day, and used to effectuate the arrest in disturbing the peace. (Tr. 206).
 {¶ 58} "Prosecutor: The fact of the matter is he came back in the house and is telling you he is crazed." (Tr. 212).
 {¶ 59} The prosecutor is entitled to a certain degree of latitude in summation and may draw reasonable inferences from the evidence presented at trial and comment upon those inferences during closing statements. State v. Treesh (2001),90 Ohio St.3d 460, 466. The test regarding prosecutorial misconduct in closing statements is whether the remarks were improper and, if so, whether they prejudicially affected the substantial rights of the defendant. State v. Smith (1984), 14 Ohio St.3d 13, 14. A conviction will only be reversed on a claim of prosecutorial misconduct if it is clear beyond a reasonable doubt that, absent the prosecutor's remarks, the jury would not have found the defendant guilty. State v. Benge (1996), 75 Ohio St.3d 136.
 {¶ 60} Here, we find no error in the prosecutor's closing statements individually or taken as a whole. His references to smoke screens and typical behavior were made in response to defense counsel's suggestion that the police committed misconduct in the arrest of the defendant. (Tr. 132-134). There is no prejudicial error where the State replies to statements made in the course of an argument by defense counsel which are of such a nature as to require an answer. State v. Lott (1990),51 Ohio St.3d 160, 166; State v. Watson (1969), 20 Ohio App.2d 115, 125. With regard to the prosecutor's repeated statements that defendant admitted to being "crazed," the trial transcript shows that defendant did not make such an admission. However, the record demonstrates that defendant did admit to being "real upset,"[1] "out of control,"[2] and "so enraged."[3]
Accordingly, although the prosecutor misstated defendant's own characterization of his mood on the evening of his arrest, we do not find such error substantially prejudiced the defendant.
 {¶ 61} Defendant's fourth assignment of error is overruled.
 {¶ 62} "V. The defendant was denied his right to effective assistance of counsel when defense counsel failed to keep out testimony of defendant's drug use, or to object to the misconduct of the prosecutor."
 {¶ 63} In his fifth assignment of error, defendant claims he was denied the effective assistance of trial counsel because his trial counsel failed to request a limiting instruction on defendant's drug usage and failed to object to the prosecutor's closing statements. We disagree.
 {¶ 64} To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Strickland v. Washington (1984), 466 U.S. 668.
 {¶ 65} Defendant first argues that his trial counsel performed deficiently by failing to request a limiting instruction after Officer Bishop stated that defendant's mother told him that she believed defendant had been smoking crack on the evening he was arrested. We disagree. A review of the record shows that the trial court sustained defendant's objections to the comments made by Officer Bishop and provided a general instruction to the jury with respect to sustained objections. A jury is presumed to follow the instructions of law given to them by the trial court.Bell v. Mt. Sinai Med. Ctr. (1994), 95 Ohio App.3d 590, 599. Because the trial court sustained defendant's objection, we find that defendant has not shown that he was prejudiced by his trial counsel's failure to request a limiting instruction. Accordingly, defendant was not denied effective assistance of counsel on this basis.
 {¶ 66} Next, defendant claims that he was prejudiced when his trial counsel failed to object to the prosecutor's closing statements. We disagree. In the fourth assignment of error, we held that the prosecutor's closing arguments, although misstating the defendant's testimony, were supported by the record and did not prejudice the defendant. Therefore, trial counsel was not ineffective in failing to object. Accordingly, defendant was not denied effective assistance of counsel on this basis.
 {¶ 67} Defendant's fifth assignment of error is overruled.
 {¶ 68} "VI. The trial court erred in making the finding that the imposition of the minimum prison term would demean the seriousness of the offense."
 {¶ 69} In his sixth assignment of error, defendant maintains that the trial court erred in sentencing him to a 13-month prison term since he was a first-time offender. We disagree.
 {¶ 70} R.C. 2929.14(B) requires a trial court to impose a minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term will demean the seriousness of the conduct or will not adequately protect the public from future crime by the offender. State v. Edmonson
(1999), 86 Ohio St.3d 324. The record must reflect that the trial court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence. Id. The trial court need not give its reasons for imposing more than the minimum authorized sentence, however, it must be clear from the record that the trial court engaged in this analysis and that it varied from the minimum for at least one of the two sanctioned reasons. Id.; State v. Smith, Cuyahoga App. No. 82423, 2003-Ohio-4072.
 {¶ 71} Here, at the sentencing hearing, the trial court noted defendant's four prior convictions, which did not include prison time, and stated the following:
 {¶ 72} "Now, your sentence is two years at Lorain Correctional Institution. There are sentencing factors justifying this. You're entitled to a presumption of the minimum sentence, but I think the minimum sentence would demean what you did out there to these officers."
 {¶ 73} The record adequately shows that the trial court complied with the dictates of R.C. 2929.14(B) when imposing more than the minimum sentence. Specifically, the court specified that the minimum sentence would demean the seriousness of defendant's conduct. Thus, it is clear that the trial court decided to depart from the statutorily mandated minimum based on one of the permitted reasons found in R.C. 2929.14(B).
 {¶ 74} Defendant's sixth assignment of error is overruled.
Judgment affirmed.
Anne L. Kilbane, P.J., and Frank D. Celebrezze, Jr., J., Concur.
[1] Tr. 173.
[2] Tr. 182.
[3] Tr. 183.