JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Martin Mondry ("Mondry"), appeals his sentence in three consolidated cases. Finding no merit to this appeal, we affirm.
 {¶ 2} On February 22, 2002, Mondry pled guilty to the illegal manufacture of drugs, a second degree felony. In the other two cases, he pled guilty to one count of drug possession in each case, fifth degree felonies.
 {¶ 3} Prior to sentencing, Mondry informed the court that he had been indicted in Franklin County on other charges. As part of a plea agreement with the Franklin County prosecutor, Mondry's counsel specifically requested a five-year sentence. He indicated that the Franklin County prosecutor agreed to a concurrent sentence, on the condition that Mondry receive a minimum sentence of five years from the Cuyahoga County court.
 {¶ 4} The court sentenced Mondry to a five-year term of imprisonment for the illegal manufacture of drugs and six months on each drug possession charge, and ordered all three sentences to be served concurrently.
 {¶ 5} Mondry appeals, raising one assignment of error.
 {¶ 6} In his sole assignment of error, Mondry argues that because he had not previously served a prison term, the trial court erred in sentencing him to more than the minimum sentence without engaging in the analysis required by R.C. 2929.14(B).
 {¶ 7} Pursuant to R.C. 2929.14(B), a trial court must impose the minimum sentence for a felony offender who has not previously served a prison term unless the court specifies on the record that a minimum sentence would "demean the seriousness of the offender's conduct" or "not adequately protect the public from future crime by the offender or others." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. R.C. 2929.14(B) states:
"If the court imposing a sentence upon an offender for a felony electsor is required to impose a prison term on the offender and if theoffender previously has not served a prison term, the court shall imposethe shortest prison term authorized for the offense * * * unless thecourt finds on the record that the shortest prison term will demean theseriousness of the offender's conduct or will not adequately protect thepublic from future crime by the offender or others."
 {¶ 8} Although the trial court is not required to explain its reasoning for giving more than the minimum sentence, it must be clear from the record that it first considered the minimum sentence and then decided to impose a longer sentence based on one of the two statutorily sanctioned reasons under R.C. 2929.14(B). Edmonson, supra, at 328. See, also, State v. Caesar, Cuyahoga App. No. 82136, 2003-Ohio-6168; State v.Smith, Cuyahoga App. No. 82423, 2003-Ohio-4072.
 {¶ 9} An offender convicted of a second degree felony may be sentenced to a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). An offender convicted of a fifth degree felony may be sentenced to a prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5).
 {¶ 10} In the instant case, the trial court imposed more than the minimum sentence for the charge of illegal manufacturing of drugs. However, contrary to Mondry's assertion, the trial court found that the statutorily sanctioned reasons set forth in R.C. 2929.14(B) existed and, therefore, a longer sentence was warranted. In sentencing Mondry to more than the minimum sentence, the trial court stated:
"Case 418621, illegal manufacturing of drugs, it sounds like you had ameth lab to the Court, that's the Court's understanding. That's not onlyhighly addictive, but if you make a mistake in manufacturing thesedrugs, people wind up dead. It poses a great danger to the public. It'snot only that you were using this, but you had a huge amount and you'reendangering the people around you.
 For these reasons, I make the finding, pursuant to 2929.14(B), sinceyou've not been in prison, that the shortest term would demean theseriousness of the offender's conduct and the shortest term would notadequately protect the public from future harm." (Emphasis added.)
 {¶ 11} Here, we find that the trial court fully complied with R.C.2929.14(B). The trial court first considered the minimum sentence but opted for a longer sentence only after finding that a minimum sentence would demean the seriousness of Mondry's conduct and would not adequately protect the public from future harm. In fact, the trial court also explained its reasoning for imposing more than the minimum sentence.
 {¶ 12} Because the trial court satisfied the requirements of R.C.2929.14(B) before imposing more than the minimum sentence, Mondry's sentence is affirmed. In contrast to the State's argument, the mere fact that Mondry received a sentence which he requested does not negate a trial court's obligation to comply with the statutory sentencing requirements.
 {¶ 13} Accordingly, Mondry's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kenneth A. Rocco, A.J. and James J. Sweeney, J. concur.