JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Tammy Nonamaker, appeals the trial court's imposition of more than the minimum sentence of incarceration relating to her conviction for theft. For the reasons set forth below, we affirm the sentence imposed by the trial court.
 {¶ 2} Nonamaker was employed by Artisan Interiors, a family owned business, as their financial manager for over ten years. An accounting firm was hired to perform an extensive audit of Artisan's accounts. As a result of the audit, it was discovered that Nonamaker had stolen money from Artisan by writing fraudulent business and payroll checks and making unauthorized cash transfers. She also used a gas credit card and a cellular phone, which the company paid for, without authorization. After the audit was completed, it was determined that Nonamaker had stolen a total of $133,870.90 from Artisan Interiors over a five year period; $4,253.02 in 1998, $20,667.06 in 1999, $37,296.41 in 2000, $28,592.01 in 2001, and $23,063.40 in 2002.
 {¶ 3} On April 2, 2003, Nonamaker was indicted for theft, in violation of R.C. 2913.02; misuse of credit cards, in violation of R.C. 2913.21; and tampering with records, in violation of R.C.2913.42. On April 15, 2003, she pleaded not guilty to all counts. On May 16, 2003, Nonamaker pleaded guilty to theft, in violation of R.C. 2913.02, a third degree felony. The trial court, at the request of the prosecutor, nolled the remaining counts.
 {¶ 4} On June 20, 2003, the trial court conducted a sentencing hearing. Defense counsel made a statement that Nonamaker was 34 years old, had two minor children, and had never been in trouble with the law before. The court read into the record a letter from the victim stating she suffered emotional, financial and physical damages as a result of Nonamaker's actions. The trial court sentenced Nonamaker to four years incarceration.
 {¶ 5} The appellant presents one assignment of error for review:
 {¶ 6} "The trial judge erred in sentencing the appellant to more than the minimum sentence for the offense of theft, R.C. §2913.02(A)."
 {¶ 7} Specifically, the appellant argues that the trial court did not make a sufficient record for departing from the minimum sentence, as required by the Revised Code, or the record cannot support the departure by clear and convincing evidence.
 {¶ 8} A reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law.
 {¶ 9} R.C. 2929.14(B) states:
 {¶ 10} "* * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 11} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 12} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 13} In the instant matter, the appellant was convicted of a third degree felony for theft because she had stolen over $100,000. For a felony of the third degree, a trial court may sentence the offender to a prison term of one, two, three, four, or five years of imprisonment. R.C. 2929.14(A)(3). The trial court sentenced the appellant to four years of incarceration.
 {¶ 14} It is undisputed that the appellant has not previously served a prison term; therefore, to properly impose a sentence greater than one year for a third degree felony theft, the trial court has to make at least one of the findings stated in R.C.2929.14(B)(2); either that the shortest prison term would demean the seriousness of the offense or that the shortest term would not protect the public adequately from future crime. State v.Edmonson (1999), 86 Ohio St.3d 324, 326. The trial court is not required to explain its reasoning for giving more than the minimum sentence; however, it must be clear from the record that it first considered the minimum sentence and then decided to impose a longer sentence based on one of the two statutorily sanctioned reasons under R.C. 2929.14(B). State v. Mondry (Dec. 24, 2003), Cuyahoga App. No. 82040 at 3; see, also, Edmonson,
supra, at 328.
 {¶ 15} In the instant matter, the trial court stated the following on the record:
 {¶ 16} "You were a very busy thief for a very long period of time. You severely damaged this family. They suffered serious financial harm. It appears at least some of them suffered physical harm in the form of stress related illness, and they clearly suffered psychological harm.
 {¶ 17} "I know that you do not have a prior record, but I find this crime to be incredibly offensive. You violated a position of trust, and you did so repeatedly. Not only did you not stop, but you continued to accelerate this theft over a period of years.
 {¶ 18} "You are sentenced on count one to four years in prison with credit for time served.
 {¶ 19} "* * *
 {¶ 20} "This is longer than the minimum term as the Court believes a minimum term clearly demeans the seriousness of the offense. I think I placed very clearly on the record your conduct and the effect on the victims, and probation, I clearly believe, would demean the seriousness of your conduct in this case.
 {¶ 21} "Also, based upon your pattern of practice of white collar crime, which the Court believes you could control, and did not, to adequately protect the public." (Tr. 26-28).
 {¶ 22} We find that the trial court fully complied with R.C.2929.14(B). Not only did the trial court first consider imposing the minimum sentence and then found that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public from future harm, it also stated reasons for its findings.
 {¶ 23} The appellant's prison sentence is hereby affirmed.
Kilbane, P.J., and Dyke, J., concur.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.