JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals the sentence imposed by the trial court. For the reasons that follow, we affirm defendant's sentence.
 {¶ 2} On January 6, 2003, defendant lived in the lower level of a two-family home. Kenya Fleming and her boyfriend, Brian Williams,[1] lived upstairs. According to defendant, Williams had made unwanted advances toward her.
 {¶ 3} At some point on the 6th, defendant reported Williams' behavior to Fleming. Defendant attempted to reach Fleming by telephone later in the day but Williams answered the call. The two argued.
 {¶ 4} Defendant returned to Fleming's with her boyfriend and co-defendant, Clifford Woodley. Woodley confronted Williams. An argument ensued and Woodley shot Williams, who later died.
 {¶ 5} Defendant pled guilty to an amended indictment charging her with reckless homicide. Defendant filed this timely appeal in which she asserts the following assignment of error:
The trial court erred when it imposed more than the minimum term of imprisonment on appellant, a first time offender, without making the necessary findings required by R.C. 2929.14(B).
 {¶ 6} Defendant argues that the trial court erred in sentencing her to more than the minimum sentence for the offense of reckless homicide, R.C. 2903.41. Defendant was convicted of a third degree felony for the reckless homicide of Brian Williams. For a felony of the third degree, a trial court may sentence the offender to a prison term of one, two, three, four, or five years of imprisonment. R.C. 2929.14(A)(3). Defendant received a three-year term of incarceration.
 {¶ 7} R.C. 2929.14(B) provides that a defendant who has never served a prison term be given the minimum sentence unless the trial court makes certain findings on the record. State v.Jones (2001), 93 Ohio St.3d 391, 754 N.E.2d 1252; State v.Lutz, Cuyahoga App. No. 80241, 2003-Ohio-275. The prerequisites for imposing a prison sentence on a defendant who has never been in prison are found in R.C. 2929.14, which states in pertinent part:
(B) * * * If the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 8} The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
 {¶ 9} On appeal, a reviewing court will not reverse a sentence unless that court finds, by clear and convincing evidence, that the sentence is unsupported by the record or is contrary to law.
 {¶ 10} Here, defendant had not previously served a prison term. In order for the trial court, therefore, to properly impose a sentence greater than one year for a third degree felony, it had to make at least one of the findings stated in R.C.2929.14(B)(2): either that the shortest prison term would demean the seriousness of the offense or that the shortest term would not protect the public adequately from future crime. State v.Edmonson (1999), 86 Ohio St.3d 324, 326, 1999-Ohio-110,715 N.E.2d 131.
 {¶ 11} "* * * [I]t must be clear from the record that it first considered the minimum sentence and then decided to impose a longer sentence based on one of the two statutorily sanctioned reasons under R.C. 2929.14(B)." State v. Nonamaker, Cuyahoga App. No. 83315, 2004-Ohio-1685, 2004-Ohio-App. LEXIS 1485, at ¶ 14, citing State v. Mondry (Dec. 24, 2003), Cuyahoga App. No. 82040, 2003-Ohio-7055 at ¶ 8.
 {¶ 12} The trial court reviewed defendant's presentence report before it sentenced defendant. That report demonstrates defendant's intent to harm Williams. The report states that after defendant and Williams argued on the afternoon of January 6th, she was angry and threatened to "get someone for his ass." The trial court considered and incorporated this information into its decision not to impose the minimum term on defendant. The trial court made the following statements on the record:
 {¶ 13} I am not giving Miss Williams the minimum sentence, notwithstanding the fact that she has not served a prison sentence in the past, because I do believe that but for her actions, this tragic event, which is a homicide, would not have occurred. Her statement to Miss Fleming certainly indicates some sort of intent to cause Mr. Williams harm and I do believe by giving the minimum sentence, it would demean the seriousness of the crime involved here.
 {¶ 14} On this record, it is clear that the trial court did consider the minimum sentence because it knew defendant had not previously served a prison term. The court, however, did not impose a minimum term of incarceration because defendant demonstrated "some sort of intent to cause" harm to the victim. The court could properly determine that imposing the minimum would "demean the seriousness" of the crime of reckless homicide when an intent to harm is shown. The trial court's findings satisfy section (B)(2) of the statute. Accordingly, defendant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment accordingly.
Kilbane, P.J., and Sweeney, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Though they shared the same last name, defendant and Brian Williams were not related.