{¶ 18} I disagree with the majority opinion's disposition of appellant's assignments of error.
 {¶ 19} In appellant's second assignment of error, she argues the trial court failed to consider the statutory factors relating to seriousness and recidivism on the record. The majority opinion improperly terms these as "aggravating" and "mitigating" circumstances. Appellant may be correct, but her argument applies to the imposition of a maximum or consecutive sentence, not to the choice of a more than minimum term. The trial court herein chose to impose a term in the mid-range of its options.
 {¶ 20} This court may not disturb a sentence unless it is "unsupported by the record or contrary to law." State v.Nonamaker, Cuyahoga App. No. 83315, 2004-Ohio-1685. Appellant's comments make it clear she was not seeking to protect her right to avoid self-incrimination, but, rather, her boyfriend. I see no reason to scour the transcript of the sentencing hearing for hidden meanings in an apparent effort to find a basis upon which to vacate the trial court's reasonable sentence.
 {¶ 21} For similar reasons, I also disagree with any suggestion that appellant's first assignment of error might have merit. Blakely v. Washington (2004), 124 S.Ct. 2531 concerns the impropriety of a trial court's enhancement of a penalty for a crime beyond the maximum. Since this has no application to the facts of this case, I see no reason to sustain any part of appellant's first assignment of error based upon it. State v.Bell, Hamilton App. No. C-030726, 2004-Ohio-3621.
 {¶ 22} The trial court in this case complied with the requirements set forth in both the applicable statute andEdmonson, therefore, appellant's second assignment of error also should be overruled.
 {¶ 23} I would affirm appellant's sentence.