JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Edward Thornton ("appellant") appeals from the sentence imposed upon him by the Cuyahoga County Court of Common Pleas. For the reasons stated below, we affirm.
 {¶ 2} Appellant and the victim met through an internet chat room.[1] After developing a relationship over the computer, the two decided to meet, and appellant picked up the victim at the end of his street.[2] Once inside the vehicle, appellant reached over to the victim, unzipped the victim's pants, and touched the victim's penis. Upon arriving at appellant's residence, the two kissed. The victim was also solicited to use alcohol and marijuana.
 {¶ 3} Appellant and victim had two additional meetings over the next month, each involving much greater sexual contact.[3] The victim eventually told his mother of the relationship; thereafter, she took the victim to the hospital where he was given a rape/sexual assault examination.
 {¶ 4} On June 5, 2003, appellant was indicted on three counts of unlawful sexual conduct with a minor, pursuant to R.C.2907.04; one count of corrupting another with drugs, pursuant to R.C. 2925.02; and one count of attempted tampering with evidence, pursuant to R.C. 2921.12 and 2923.02.
 {¶ 5} On September 30, 2003, appellant pled guilty to two counts of unlawful sexual conduct with a minor, felonies of the third degree, and one count of corrupting another with drugs, a felony of the fourth degree. On December 3, 2003, appellant appeared before the court for sentencing and for a sexual predator determination. The court sentenced appellant to two years for each unlawful sexual conduct charge, to be served consecutively, as well as 18 months on the charge of corrupting another with drugs, also to be served consecutively. Appellant was further classified a sexual predator.
 {¶ 6} It is from this sentence and sexual predator classification that appellant timely appeals and advances four assignments of error for our review.
 1. I. {¶ 7} In his first assignment of error, appellant argues that "the trial court erred by ordering consecutive sentences when it failed to make all of the necessary findings required by R.C.2929.14 (E)(4), and failed to give adequate reasons for the findings it did make."
 {¶ 8} The trial court has the discretion to impose consecutive sentences if the court sets forth the statutorily required findings and reasons in support thereof. State v.Edmonson (1999), 86 Ohio St.3d 324; R.C. 2929.14(E),2929.19(B)(2)(c). The trial court need not recite the exact language of the statute, as long as it is clear from the record that the court made the required findings. State v.Casalicchio, Cuyahoga App. No. 82216, 2003-Ohio-3028. If the findings are discernable from the record, the court has complied with R.C. 2929.19(B)(2)(c) and 2929.14(E)(4). Id.; State v.Chaney, Cuyahoga App. No. 80496, 2002-Ohio-4020.
 {¶ 9} R.C. 2929.14(E)(4) requires the trial court to make three findings prior to sentencing an offender to consecutive sentences. State v. Hunter, Cuyahoga App. No. 81006, 2003-Ohio-994. The court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the defendant's conduct; and (3) not disproportionate to the danger the defendant poses to the public. In addition to these three findings, the trial court must also find one of the following: (1) the defendant committed the offenses while awaiting trial or sentencing on another charge; (2) the harm caused was so great that no single sentence would suffice to reflect the seriousness of defendant's conduct; or (3) the defendant's criminal history is so egregious that consecutive sentences are needed to protect the public. R.C.2929.14(E)(4)(a)-(c). We have held that "the trial court must make a record at the sentencing hearing that confirms that the trial court's decision-making process included all of the statutorily required sentencing considerations." State v.Parker (2001), 144 Ohio App.3d 334.
 {¶ 10} In the case sub judice, the record reveals the trial court made all requisite findings. The court found that "* * * any lesser a sentence would not adequately protect the public and young men from you, and future crimes by you." The court reasoned that appellant had "* * * brought this young man to [his] home on more than one occasion * * *," and had "* * * utilized drugs or alcohol * * *" with the victim. Additionally, regarding the victim's status as a minor, the court stated, "* * * and the first time when you say you thought he was 19, but certainly at some point you had to realize he was 15." Our review of the record shows that the court considered appellant's actions so serious that no single sentence would suffice. It is clear from the record that the court's decision-making process included all of the statutorily required sentencing considerations.
 {¶ 11} Appellant's first assignment of error is overruled.
 1. II. {¶ 12} In his second assignment of error, appellant argues that "the trial court erred when it imposed more than the minimum terms of imprisonment on appellant, a first offender, without making the necessary findings required by R.C. 2929.14(B)." We disagree.
 {¶ 13} Under R.C. 2929.14(B), a court may not impose more than the minimum sentence upon a defendant who has not previously served a prison term, without finding on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. "The trial court need not give its reasons for imposing more than the minimum authorized sentence, however, it must be clear from the record that the trial court engaged in this analysis, and that it varied from the minimum for at least one of the two sanctioned reasons." Statev. Caesar, Cuyahoga App. No. 82136, 2003-Ohio-6168.
 {¶ 14} In the case at bar, the court found that appellant's "behavior was absolutely inappropriate, no matter how much you claim you were doing it out of the goodness of your heart, and as a gay man who wants to nurture young gay men, it's a crime, and the Court finds that any lesser a sentence would not adequately protect the public and young men from you, and future crimes by you." This language certainly comports with the guidelines of R.C. 2929.14(B), as it reflects the court's analysis and conclusion that any lesser sentence would not adequately protect the public from future crimes.
 {¶ 15} Appellant's second assignment of error is overruled.
 1. III. {¶ 16} In his third assignment of error, appellant argues that "the trial court erred in imposing sentences which are inconsistent with similar sentences for similar offenders as required in R.C. 2929.11(B)." We disagree.
 {¶ 17} "R.C. 2929.11(B) does not require a trial court to engage in an analysis on the record to determine whether defendants who have committed similar crimes have received similar punishments." State v. Edmonson (1999),86 Ohio St.3d 324 at 326-327; State v. Fortson, Cuyahoga App. No. 82231, 2003-Ohio-2753. "Rather, the statute indicates the trial court's comments made at a hearing should reflect that the court considered that aspect of the statutory purpose in fashioning the appropriate sentence." Id.
 {¶ 18} In the case sub judice, we find the trial court's findings reflect that the court considered the appropriate aspects of the statutory purpose in fashioning the appellant's sentence.[4] There is nothing in the record to indicate the trial court failed to consider the purposes of R.C. 2929.11 in sentencing appellant.
 {¶ 19} Appellant's third assignment of error is overruled.
 1. IV. {¶ 20} In his fourth assignment of error, appellant argues that "the evidence was insufficient, as a matter of law, to prove by clear and convincing evidence that appellant is likely to engage in the future in one or more sexually oriented offenses." We disagree.
 {¶ 21} In order for an offender to be classified a sexual predator, the state of Ohio must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. State v.Eppinger, 91 Ohio St.3d 158, 163, 2001-Ohio-247. The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt * * *." State v. Gauntt, Cuyahoga App. No. 82175, 2003-Ohio-4942. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
 {¶ 22} Under R.C. 2950.09(B)(3), in determining whether a defendant is likely to engage in future sexually oriented offenses, the judge shall consider all relevant factors, including:
 {¶ 23} "(a) The offender's * * * age; (b) The offender's * * * prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses; (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *; (d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims; (e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting; (f) If the offender * * * previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender * * * completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders; (g) Any mental illness or mental disability of the offender * * *; (h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse; (i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty; (j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 24} See, generally, State v. Harris, Cuyahoga App. No. 83213, 2003-Ohio-2329.
 {¶ 25} It is to be remembered that R.C. 2950 was designed to protect the safety and general welfare of the people of Ohio, not to punish the offender. State v. Lee (Sept. 13, 2001), Cuyahoga App. No. 78899. In the case sub judice, we find that the court had clear and convincing evidence in which to find appellant a sexual predator.
 {¶ 26} We are aware that appellant had no measured sexual interest in children, no prior sexual offenses, never participated in or failed sexual offender treatment, was without antisocial personality disorders, and was older than 25 years of age.[5] However, there were factors the court relied upon that suggested recidivism. The court found persuasive the victim's status as a minor; the graphic pornography found on appellant's computer; appellant's previous conviction for misdemeanor trespassing; and the use of the internet to lure the victim under the guise of trying to help him.
 {¶ 27} The court considered the factors enumerated under R.C.2950.09(B)(3), including the victim's age, appellant's prior record, and the method used by appellant to lure the victim away from his home. The court reasoned, in part, "[t]he fact that you met this young man on the Internet, you continued to lure him to your home, or bring him to your home, however you want to talk about it, suggests to me, sir, that — and the fact of the matter is that you haven't presented no [sic] contrary evidence, the Court is going to find that you are a sexual predator * * *." The court noted that the victim, who was unsure of his sexual persuasion and who sought guidance from appellant, was manipulated into having sexual relations with him. The most disturbing fact at bar is that, although appellant found the victim through an "adults only" online chat room, he knew the victim was a minor after their first encounter, yet he still maintained the relationship. Reviewing the record as a whole, we find that the court did not err in labeling appellant a sexual predator.
 {¶ 28} Appellant's fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., Concurs; Rocco, J., Dissents, with Separate Dissenting Opinion.
[1] At the time of incident, appellant was approximately 30 years of age and the victim was 15 years of age.
[2] Appellant maintains the position that he met with the victim because while chatting with him online, the victim expressed a desire to be raped and then strangled to death. Later, the victim expressed a desire to commit suicide. Appellant stated he understood this confusion and wanted to help the victim.
[3] This included the victim being tied up, receiving oral sex, and being solicited to perform oral and anal sex.
[4] See sections I and II of this opinion.
[5] Generally speaking, adults more than 25 years of age are a lower risk to reoffend.