JOURNAL ENTRY and OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant, Saleh Nawash ("Nawash"), appeals his sentence, claiming that the record does not support the imposition of a nonminimum sentence for a first offender. Finding merit to this appeal, we modify his sentence.
 {¶ 3} Nawash pled guilty to conspiracy to commit aggravated arson, attempted insurance fraud, and attempted aggravated arson. The basis of the charged offenses was that Nawash conspired and attempted to burn down his store, Halal Meat Market, with the intention of collecting the insurance proceeds. The trial court sentenced him to a total of nine years in prison. On appeal, this court affirmed Nawash's conviction but vacated his sentence and remanded the case for resentencing, finding that the trial court failed to merge the conspiracy to commit aggravated arson and attempted aggravated arson counts and failed to advise Nawash of post-release control. See State v. Nawash, Cuyahoga App. No. 82911, 2003-Ohio-6040.
 {¶ 4} On June 30, 2004, the trial court conducted a new sentencing hearing. The trial court merged the conspiracy to commit aggravated arson and attempted aggravated arson counts, sentencing Nawash to four years in prison on the merged counts and 12 months in prison on the attempted insurance fraud count, to be served concurrently.
 {¶ 5} Nawash appeals, raising two assignments of error. We find the second assignment of error dispositive.
 Minimum Sentence {¶ 6} In his second assignment of error, Nawash claims that his sentence is contrary to law. He argues that there is no evidence in the record to support the trial court's findings that a minimum sentence would demean the seriousness of the offenses or would not adequately protect the public from future harm.
 {¶ 7} This court reviews a felony sentence de novo. R.C. 2953.08. A sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2);State v. Hollander (2001), 144 Ohio App.3d 565.
 {¶ 8} Pursuant to R.C. 2929.14(B), a trial court must impose the minimum sentence for a felony offender who has not previously served a prison term unless the court specifies on the record that a minimum sentence would demean the seriousness of the offender's conduct or not adequately protect the public from future crime by the offender or others. State v. Comer, 99 Ohio St.3d 463, 469, 2003-Ohio-4165; State v.Edmonson (1999), 86 Ohio St.3d 324, 326. R.C. 2929.14(B) states:
"If the court imposing a sentence upon an offender for a felony electsor is required to impose a prison term on the offender and if theoffender previously has not served a prison term, the court shall imposethe shortest prison term authorized for the offense * * * unless thecourt finds on the record that the shortest prison term will demean theseriousness of the offender's conduct or will not adequately protect thepublic from future crime by the offender or others."
 {¶ 9} Although the trial court is not required to explain its reasoning for giving more than the minimum sentence, it must be clear from the record that it first considered the minimum sentence and then decided to impose a longer sentence based on one of the two statutorily sanctioned reasons under R.C. 2929.14(B). Edmonson, supra, at 328; Statev. Mondry, Cuyahoga App. No. 82040, 2003-Ohio-7055, ¶ 8. Further, the statutory findings the court is required to make must be clearly and convincingly supported by the record. R.C. 2953.08(G).
 {¶ 10} In the instant case, Nawash was convicted of conspiracy to commit aggravated arson and attempted aggravated arson, both second degree felonies, punishable by a prison term of two, three, four, five, six, seven, or eight years. R.C. 2929.14(A)(2). He was also convicted of attempted insurance fraud, a fifth degree felony, punishable by a prison term of six, seven, eight, nine, ten, eleven, or twelve months.
 {¶ 11} The trial court stated the following when it imposed more than the minimum sentence for each offense:
"Despite the mitigating evidence in front of the Court, and obviouslythe seriousness factors weighing in defendant's favor, the fact is that,you know, this was a crime of attempt. The fact that the crime was notcarried out, again, as the prosecutor has indicated, should not becredited to the defendant, but rather to good police work.
 Therefore, the shortest term of sentence provided by law the Courtfinds would demean the seriousness of the defendant's conduct and wouldnot adequately protect the public from future crimes by the defendant orothers. However, because of the mitigating evidence presented before theCourt today, the Court also finds that it would be inappropriate tosentence the defendant to the maximum period as required or as availableunder the statute.
 Therefore, the Court finds that a prison sentence would be consistentwith the purposes and principles under Revised Code Section 2929.11 andis commensurate with the seriousness of the defendant's conduct and itsimpact on society and is reasonably necessary to deter the offender andin order to protect the public from future crimes and because it wouldnot place an unnecessary burden on the government resources.
 It is therefore ordered that the defendant shall serve a stated term offour years in prison on the merged offenses of conspiracy, attemptedaggravated arson, and a prison term of 12 months on the charge ofattempted insurance fraud with all sentences to be served concurrently."
 {¶ 12} In reviewing the entire record, we fail to find any support for the trial court's findings. Nawash was 56 years old at the time of sentencing, with no prior criminal history of felony offenses. He was gainfully employed and supported his wife and four children. He was also active in his community and church. Furthermore, he expressed remorse at the time of sentencing. Indeed, the trial court acknowledged that the "seriousness factors" weighed in Nawash's favor, thereby contradicting its finding that a minimum sentence would demean the seriousness of the crimes. Moreover, the presentence report considered by the court revealed that none of the "recidivism likely" factors set forth in R.C. 2929.12
applied to Nawash, whereas three of the "recidivism unlikely" factors were applicable. Thus, we find no evidence that the minimum sentence would demean the seriousness of the offense nor adequately protect the public from future harm.
 {¶ 13} Because there was no evidence in the record to support more than the minimum sentence on each offense, we find that Nawash's sentence was contrary to law. Accordingly, pursuant to our authority set forth in R.C. 2953.08(G), we modify Nawash's sentence to a minimum prison term of six months for the attempted insurance fraud and two years for the merged counts of conspiracy and attempt to commit aggravated arson. Moreover, because Nawash has already served more than two years in prison, we hereby order his release.
 {¶ 14} The second assignment of error is well taken.[1] Sentence modified and Nawash is ordered discharged.
It is, therefore, considered that said appellant recover of said appellee the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. concurs; (see separate opinion).
 Gallagher, J. dissents (see separate opinion)
[1] The first assignment of error challenging the imposition of more than the minimum sentence is therefore moot.
 CONCURRING OPINION