[Cite as *State v. Lenhart*, 2014-Ohio-2260.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99993**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CHRISTOPHER E. LENHART

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-12-558148-A, CR-12-558615-A, and CR-12-559178-A

**BEFORE:** E.A. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Amy Venesile
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Christopher Lenhart appeals from his plea and sentence entered in the Cuyahoga County Common Pleas Court. Lenhart argues that this court must vacate his guilty pleas because the trial court did not correctly advise him of the potential maximum penalties, and thus, his plea was not knowingly and voluntarily given. Finding no merit to the instant appeal, we affirm the acceptance of Lenhart's guilty pleas.

{¶2} The Cuyahoga County Grand Jury indicted Lenhart in three separate cases, Cuyahoga C.P. Nos. CR-12-558148, CR-12-559178 and CR-12-558615. The trial court consolidated the three cases and proceeded to trial. During trial, Lenhart pleaded guilty to the following charges: in CR-12-558148, burglary, a second-degree felony and kidnapping, a first-degree felony; in CR-12-558615, notice of change of address, a third-degree felony; and in CR-12-559178, intimidation of crime victim or witness, a third-degree felony.

{¶3} During the plea colloquy, the trial court incorrectly advised Lenhart that notice of change of address was a first-degree felony with a maximum penalty from three to ten years in prison. As pointed out by Lenhart and as noted above, notice of change of address is a third-degree felony. Additionally, in advising Lenhart of the maximum penalties for the charge of kidnapping, a first-degree felony, the trial court incorrectly stated that a first-degree felony was punishable "from three up to ten years in yearly increments in prison." Lenhart correctly argues that since the effective date of H.B. 86 on September 30, 2011, first-degree felonies are punishable by up to 11 years of

imprisonment.

{¶4} Pursuant to the plea negotiations, the parties agreed upon a five-year sentence for all charges and the trial court imposed a five-year term of imprisonment.

{¶5} Lenhart filed a motion to file a delayed appeal that this court granted. Lenhart appealed from the journal entry accepting his guilty pleas and argues that the errors outlined above require this court to vacate his guilty pleas. Lenhart raises the following assigned error:

> The guilty pleas must be vacated because the defendant entered the pleas under the mistaken belief, promulgated by the trial court, that (1) the charge of failure to provide notice of a change of address was a first-degree felony when that charge was only a low-tier third-degree felony, and (2) that first-degree felonies are only punishable by up to ten years of imprisonment as opposed to eleven years.

{¶6} Lenhart raises two instances of claimed error on the part of the trial court during his plea colloquy as support for his argument that this court must vacate his guilty pleas. Lenhart first argues that his guilty pleas must be vacated because the trial court erred in advising him that the charge of failure to provide notice of change of address was a first-degree felony, and he also claims that the trial court erred when it advised him that first-degree felonies are punishable by up to 10 years of imprisonment as opposed to 11 years. We find neither argument persuasive.

{¶7} As stated by this court in *State v. Nawash*, 8th Dist. Cuyahoga No. 82911, 2003-Ohio-6040,

> The court's failure to correctly advise the accused as to the degree of offense, which failure results in an incorrect recitation of the maximum sentence involved, constitutes a violation of the Crim.R. 11 requirement

that a plea be entered knowingly and intelligently.

Nevertheless, the imposition of sentence is statutory in nature, not constitutional, so we apply the "substantial compliance" test to the plea proceedings. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

**{¶8}** In *Nero*, the Ohio Supreme Court stated "[a] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. The test is whether the plea would have otherwise been made."

**{¶9}** In *Nawash*, the trial court erroneously advised the defendant that he was pleading to a felony of the first degree, when the offense was actually a felony of the second degree. This court stated the following: "[i]f a defendant voluntarily, if mistakenly, entered a guilty plea to what he thought was a first degree felony, along with its more severe sentences, he cannot convincingly argue on appeal that he would not have entered the same plea to a lesser degree [of the offense]." *Id.* This court found no prejudice to Nawash where the court mistakenly advised that he was pleading to a felony of the first degree.

**{¶10}** The facts of *Nawash* are directly on point to the present case, where the trial court incorrectly advised Lenhart that failure to provide notice of change of address was a first-degree felony when the offense was actually a felony of the third degree. Lenhart has alleged no prejudice as a result of this error and we decline to find any as it relates to this argument.

**{¶11}** As it relates to the second portion of Lenhart's appeal, the facts in *Nawash*

are distinguishable. The defendant in *Nawash* was subject to a maximum sentence that was actually one year less than the court had advised. Conversely, Lenhart was subject to a maximum sentence of one year more than the court had advised for the offense of kidnapping. Nonetheless, we find substantial compliance with the requirements of Crim.R. 11(C) present in this case.

{¶12} "Substantial compliance means that under the totality of the circumstances the defendant subjectively understand the implications of his plea and the rights he is waiving." *Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "[I]f it appears from the record that the defendant appreciated the effect of his plea and his waiver of rights in spite of the trial court's error, there is still substantial compliance." *State v. Caplinger*, 105 Ohio App.3d 567, 572, 664 N.E.2d 959 (4th Dist.1995).

{¶13} We conclude that the trial court substantially complied with the requirements of Crim.R. 11(C) in advising Lenhart about the consequences of his plea. Lenhart has made no argument that he would not have entered the guilty pleas had he been correctly advised on the maximum penalty for the charge of kidnapping. Lenhart entered into plea negotiations with the state and the parties settled on an agreed sentence of five years for all charges. Further, the prosecutor stated on the record that Lenhart would plead guilty to "Count 5, kidnapping, felony of the first degree, as amended by deleting the specifications, has a maximum possible penalty of three, four, five, six, seven, eight, nine, 10, or 11 years in prison."

{¶14} In a similar case, this court found substantial compliance with Crim.R.

11(C) where the prosecutor explained the maximum sentence.

> Although it would have been better for the trial judge himself to have explained the maximum penalties to McKissic, substantial compliance with Crim.R. 11(C) suffices with respect to nonconstitutional rights. Thus, the court may properly determine that the defendant understands those matters from the totality of the circumstances, without informing him about them directly. *State v. Gibson*, 34 Ohio App.3d 146, 517 N.E.2d 990 (1986), citing *State v. Rainey,* 3 Ohio App.3d 441, 442, 446 N.E.2d 188. If this had been a constitutional right, however, the court's failure to personally address the defendant would merit reversal.

*State v. McKissic*, 8th Dist. Cuyahoga Nos. 92332 and 92333, 2010-Ohio-62, ¶ 17.

**{¶15}** Viewing the totality of the circumstances surrounding Lenhart's plea and this appeal, we find no prejudice occurred and that Lenhart subjectively understood the implications of his plea.

**{¶16}** Lenhart's sole assignment of error is overruled.

**{¶17}** The judgment and the trial court's acceptance of Lenhart's guilty pleas are affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
LARRY A. JONES, SR., J., CONCUR